UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                             :

AMY CLAIRE DUFFY,                                :

                    Plaintiff,                :

                                             :       20-cv-0336 (LJL)
            -v-                            :

                                           :       OPINION & ORDER

LYDELL JEWELRY DESIGN STUDIO, LLC,     :
GLOBAL ACCESSORIES GROUP, LLC, and JOHN M. :
HIGGINS,                                        :

                  Defendants.            :

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/5/2020

LEWIS J. LIMAN, United States District Judge:

      Petitioner Amy Claire Duffy ("Petitioner") petitions the Court pursuant to the New York Arbitration Act, N.Y. C.P.L.R. § 7510, and the Federal Arbitration Act, 9 U.S.C. § 9, to confirm an arbitral award entered against Respondents Lydell Jewelry Design Studio, LLC ("Lydell"), Global Accessories Group, LLC, ("Global"), and John M. Higgins ("Higgins") (collectively, "Respondents").

## BACKGROUND

      On July 10, 2019, an arbitrator entered an interim award in favor of Petitioner and against Respondents in the amount of $144,887.20 (the "Interim Award"). Dkt. No. 27-3, Ex. C. On October 11, 2019, the arbitrator entered a final arbitration award in favor of Petitioner and against Respondents (the "Award"). *Id.*, Ex. A. Respondents were ordered, jointly and severally, to pay $347,635 to Petitioner based on the following: (1) attorneys' fees in the amount of $172,059.20; (2) costs in the amount of $4,713.27; (3) prejudgment interest in the amount of $25,675.33; (4) the previously awarded amount of $144,887.20; and (5) $300 representing the portion of American Arbitration Association ("AAA") fees in excess of apportioned costs

previously incurred by Petitioner.  *Id.*  The Award also required Respondents to pay interest on each of these amounts (except the AAA reimbursement) accruing at a 9% statutory rate per annum from the date of the Award until paid in full.  *Id.*  The deadline to vacate or modify the Award was January 9, 2020.  *See* 9 U.S.C. § 12 (notice of motion to vacate, modify, or correct award must be served three months after award is filed or delivered).

On January 14, 2020, Petitioner filed the instant petition seeking confirmation of the Award (the "Petition").  Dkt. No. 1.  On January 21, the Court entered an order directing Petitioner to file and serve any additional materials with which she intended to support the Petition by February 5 and Respondents to file their opposition by March 4.  Dkt. No. 14.  On January 23 and 30, Petitioner served Respondents Lydell and Global and Respondent Higgins, respectively, with the Petition, Dkt. Nos. 21-23, and on February 4, Petitioner filed her supporting memorandum of law and accompanying materials, Dkt. Nos. 24-25.

The Court scheduled a conference for March 20, 2020 to discuss whether the Petition contained sufficient allegations to establish federal diversity jurisdiction.  Dkt. No. 26.  In particular, the Petition and supporting memorandum did not set forth the citizenship of each member of Respondent Global, which, as a limited liability company, would take the citizenship of its members.  *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000).  During the conference, Petitioner set forth the basis for federal diversity jurisdiction and submitted an amended petition with that information on March 30 (the "Amended Petition").  Dkt. No. 27.  Respondents were ordered to respond by April 21.  Dkt No. 28.  Respondents failed to respond to either the Petition or Amended Petition and have not appeared or otherwise participated in this action.

**DISCUSSION**

The Second Circuit has instructed that when a party has submitted an uncontested petition to confirm an arbitral award, the court should treat the petition and accompanying materials "as akin to a motion for summary judgment based on the movant's submissions." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). The court must "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)) (internal quotation marks omitted). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary material is presented.*" *Id.* The burden on the petition to confirm an arbitral award is not onerous. "The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case.'" *Id.* (quoting *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).

The Court has examined the Petition and the supporting materials and treats them as an unopposed motion for summary judgment. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a). In particular, the Amended Petition sets forth what the Petition omitted: the basis for federal diversity jurisdiction. The Amended Petition alleges that Petitioner is a citizen of New York and that Respondent Lydell is wholly owned by Respondent Global, which is a limited liability company whose members are Respondent Higgins (citizen of Connecticut) and Richard Starke (citizen of Florida). Therefore, the Court has federal diversity jurisdiction.

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a "substantial part of the events . . . giving rise to the claim" occurred in this District. This action involves a petition to

3

confirm an arbitral award concerning a breach of Petitioner's employment contract under New York law and Petitioner's employment was in the Southern District of New York.  *See* Dkt. No. 27.  The Court also has personal jurisdiction over Respondents who consented to the courts of New York as the exclusive venue for any disputes arising out of the agreement among the parties.  *See* Dkt. No. 27-3, Ex. B.

Based on a review of the materials submitted by Petitioner and the applicable law, the Court concludes that "there is no genuine dispute as to any material fact" and that Petitioner is entitled to confirmation of the Award.  Fed. R. Civ. P. 56(a).  In addition, the Court finds that Petitioner is entitled to attorneys' fees and costs incurred in connection with the Petition and Amended Petition.  *See Trus. of N.Y.C. Dist. Council of Carpenters Pension Fund v. W.W. Timbers, Inc.*, 2020 WL 1922374, at *4 (S.D.N.Y. Apr. 21, 2020) ("Courts 'have routinely awarded attorneys fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court.'") (collecting cases).

## CONCLUSION

For the reasons stated above, the Amended Petition is GRANTED.  The Award is confirmed, and the Clerk of Court is directed to enter judgment in favor of Petitioner and against Respondents as follows:

1. Compensatory damages in the amount of $144,887.20;
2. Attorney's fees in the amount of $172,059.20;
3. Costs in the amount of $4,713.27;
4. Prejudgment interest in the amount of $25,675.33;
5. Interest at 9% per annum on the amount of $347,335.00 (the sum of the above amounts) from October 31, 2019 until the date when Respondents pay the $347,335.00 plus interest due to Petitioner;

4

6. Reimbursement for the $300 in administrative fees paid by Petitioner to the AAA; and

7. Attorneys' fees and costs incurred in connection with the Petition and Amended Petition as well as any costs incurred in enforcing the judgment entered by the Court.

The Clerk of Court is respectfully directed to terminate all pending motions, adjourn all deadlines, and to close the case.

SO ORDERED.

Dated: May 5, 2020
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge